UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

E.V.,

    Plaintiff,

       v.

EUGENE H. ROBINSON, JR. and DAVID A. MARTINEZ (AS INDISPENSABLE PARTY),

    Defendants.

Civil Action No. 16-1419 (JDB)

### MEMORANDUM OPINION

Plaintiff E.V. has accused defendant David A. Martinez of sexually assaulting her. Because Martinez is a sergeant in the United States Marine Corps, the charges were referred to trial by court martial. That proceeding is currently ongoing before a military judge, defendant Lieutenant Colonel Eugene H. Robinson, Jr. On January 27, 2016, Judge Robinson ordered that E.V. disclose certain mental health records to Martinez over E.V.'s objection that the records are protected by a patient-psychotherapist privilege. E.V. has come to this Court seeking relief from Judge Robinson's order. Because this Court is not the proper venue for E.V.'s complaint, the case will be transferred to the U.S. District Court for the Eastern District of California.

### FACTUAL BACKGROUND

In August 2013, plaintiff E.V. accompanied her husband, a staff sergeant in the United States Air Force, to Kadena Air Force Base in Okinawa, Japan, where he was stationed. Compl. [ECF No. 4] ¶ 23. She alleges that on January 1, 2015, she was sexually assaulted by Sergeant Martinez. Id. ¶ 26. The detailed allegations need not be recounted here. What matters is what happened in the subsequent weeks and months as E.V. and her husband pursued a humanitarian

1

transfer off the base and E.V. sought, without avail, to keep her mental health records private in the court-martial proceeding against Martinez.

Beginning days after the assault, E.V. sought psychotherapy at the Kadena Health Clinic. Id. ¶ 27. Her treatment there continued until March 26, 2015. Id. Meanwhile, on February 12, 2015, E.V.'s husband requested a compassionate reassignment to Travis Air Force Base in California so that E.V. could be near family and separated from Martinez and his friends. Id. ¶ 28. On February 17, 2015, E.V.'s husband's commanding officer recommended approval of the transfer, id. ¶ 29, but Air Force regulations required that such request first be supported by an appropriate medical authority's conclusion that remaining in the area would be detrimental to E.V.'s welfare, Ex. D to Pl.'s Mot. TRO [ECF No. 5-6] ¶ 3kk.

On February 20, 2015, E.V. was admitted to the U.S. Naval Hospital Okinawa for suicidal ideations. Compl. ¶ 30. She was discharged three days later and provided with a patient discharge summary. Id. ¶¶ 31–32. E.V.'s husband used this summary to substantiate his request for a compassionate reassignment, and the reassignment was approved on March 11, 2015. Id. ¶¶ 32, 34. Upon returning to the United States, E.V. continued counseling in Sacramento, California. Id. ¶ 35. The Court details E.V.'s medical history here because it has become central to the ongoing court-martial proceeding against Martinez, where Judge Robinson has authorized the limited disclosure of E.V.'s communications with her psychotherapists. That disclosure order is at the crux of this case.

## PROCEDURAL HISTORY

The military courts are governed by a set of rules of evidence including Military Rule of Evidence 513, which codifies a psychotherapist-patient privilege. Until 2015, this rule allowed a military judge to conduct an in camera review of communications with psychotherapists "'if such

an examination is necessary to rule on the motion [to compel production].'" D.B. v. Lippert, 2016 CCA Lexis 63, at *14 (A. Ct. Crim. App. Feb. 1, 2016) (quoting Mil. R. Evid. 513 (Manual for Courts-Martial, United States (2012 ed.))). Under that "somewhat nebulous rule," id., review of the victim's mental health records became "ubiquitous" in sexual assault cases, Maj. Cormac M. Smith, Applying the New Military Rule of Evidence 513: How Adopting Wisconsin's Interpretation of the Psychotherapist Privilege Protects Victims and Improves Military Justice, Army Lawyer, Nov. 2015, at 6, 9.

In 2014, Congress strengthened Rule 513 by eliminating "a frequently used 'constitutionally required' exception to the privilege." Smith, Applying the New Military Rule of Evidence 513, at 6; see National Defense Authorization Act for Fiscal Year 2015 (NDAA 2015), Pub. L. No. 113-291, § 537, 128 Stat. 3292, 3369 (2014). The legislation also required a party seeking production of privileged records to make a factual showing and authorized in camera review only under certain conditions. NDAA 2015, § 537, 128 Stat. at 3369. The President subsequently signed an executive order implementing these requirements. Exec. Order No. 13,696, 80 Fed. Reg. 35,783 (June 17, 2015). Now, a military judge may only examine patient-psychotherapist communications in camera or disclose them if he finds by a preponderance of the evidence that the requested information meets one Rule 513's enumerated exceptions. NDAA 2015, § 537, 128 Stat. at 3369. There is no "constitutionally required" exception in the current Rule 513.

But when Judge Robinson ordered the government to turn over all of E.V.'s mental health records for in camera review on January 13, 2016, his order did not refer to a Rule 513 exception. Ex. 1 to Pl.'s Compl. [ECF No. 4-1] at 7–8. Nor did his subsequent order authorizing disclosure of select portions of the records. Ex. F to Pl.'s Mot. TRO [ECF No. 5-8]. It was only after "it

3

became apparent to [Judge Robinson] that [his] ruling needed to be clear on the analysis of how [he] reached the decision to . . . release" that Judge Robinson provided an explanation rooted in Rule 513.  Ex. G to Pl.'s Mot. TRO [ECF No. 5-9].  In a supplemental ruling on February 19, 2016, Judge Robinson found sua sponte that the disclosure of E.V.'s records was justified under Rule 513 exception (d)(5), which allows for disclosure where "the communication clearly contemplated the future commission of a fraud or crime or if the services of the psychotherapist are sought or obtained to enable or aid anyone to commit or plan to commit what the patient knew or reasonably should have known to be a crime or fraud."  Mil. R. Evid. 513, as amended by Exec. Order 13,696; see Ex. H to Pl.'s Mot. TRO [ECF No. 5-10] at 3–4.  According to Judge Robinson, the timing of E.V.'s inpatient mental health treatment "casts doubts on the validity of any suicidal ideations" and suggests that she made them up in order to receive a humanitarian transfer.  Ex. H at 3–4.  Based on that (questionable) line of reasoning, Judge Robinson found the fraud exception applied: E.V. had sought the services of psychotherapists in order to enable her to commit fraud, i.e., obtaining an otherwise unmerited transfer from Okinawa.  Judge Robinson also cited the repealed "constitutional exception," finding without more explanation that disclosure was constitutionally required "as potentially exculpatory material favorable to the defense."  Id. at 4.

In accordance with 10 U.S.C. § 806b(e), E.V. petitioned the U.S. Navy-Marine Corps Court of Criminal Appeals ("CCA") for a writ of mandamus to correct Judge Robinson's alleged abuse of discretion in ordering the release of her mental health records.  In a one-paragraph order the CCA denied E.V.'s petition the same day that it was docketed.  The court found that E.V.'s "right to an issuance of a writ [was] not 'clear and indisputable.'"  Ex. 1 to Compl. at 20.  From there, E.V. sought relief from the U.S. Court of Appeals for the Armed Forces ("CAAF").  On June 22, 2016, the CAAF dismissed E.V.'s petition for lack of jurisdiction.  Id. at 23–27.

Feeling that military judges are regularly disregarding victims' rights and the requirements of Rule 513, and that federal court was the only place where she had a fighting chance at relief, E.V. filed a complaint in this Court on July 8, 2016. She alleges that Judge Robinson's discovery rulings violate Military Rule of Evidence 513, Article 6b of the Uniform Code of Military Justice, 10 U.S.C. § 806b(a)(8), and the Constitution. To prevent the imminent disclosure of her communications, E.V. filed a motion for a temporary restraining order and preliminary injunction. After agreeing to maintain the status quo pending resolution of E.V.'s motions, Judge Robinson, who is represented by the U.S. Attorney's Office for the District of Columbia, filed his opposition and a motion to dismiss for lack of jurisdiction, improper venue, and failure to state a claim. The Court held a hearing on July 20, 2016.[1]

## DISCUSSION

Under Rule 12(b)(3) and 28 U.S.C. § 1406(a), a case may be dismissed "when venue is 'wrong' or 'improper' in the forum in which it was brought." Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568, 577 (2013). When venue is challenged, the court must determine whether the case satisfies the requirements of federal venue laws. Id. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed," id., or, "if it be in the interest of justice," transferred to any district in which the case could have been brought, 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." Naartex Consulting Corp v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).

---

[1] Only Judge Robinson has appeared in this Court. Neither the United States (the prosecuting authority in the court martial proceeding) nor Sergeant Martinez have been heard from. Of course, on the merits of the discovery ruling under Rule 513, the United States might not agree with Judge Robinson. But at the hearing, his counsel stressed that she was authorized to raise only threshold challenges to this action, not to address the merits.

The general venue provision for civil actions against federal officials "acting in [their] official capacity" states that actions may

> be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Unless the Court can fit this case into one of these three provisions, venue here is improper.

E.V. admits that "most of the events giving rise to E.V.'s claim" occurred in Okinawa, Japan, Pl.'s Reply [ECF No. 13] at 9, but still tries to wedge this case within § 1391(e)(1)(B) on the razor-thin basis that both the CAAF and CCA are located in D.C. According to E.V., the appellate review by those courts constitutes a "substantial part of the . . . omissions giving rise to the claim." Compl. ¶ 8. The "substantial part" requirement, though, limits venue to those districts in which "a considerable portion of the events took place." Perlmutter v. Varone, 59 F. Supp. 3d 107, 110 (D.D.C. 2014).[2] In determining whether the "substantial part" requirement is met, courts should undertake a "commonsense appraisal" of the "events having operative significance in the case." Lamont v. Haig, 590 F.2d 1124, 1134 & n.62 (D.C. Cir. 1978). While the decisions of the CAA and CAAF had an impact on E.V.'s situation, the <u>events</u> that matter in this challenge occurred in Japan—not in Washington, D.C. It is the events in the proceeding before Judge Robinson, and the parties' actions immediately preceding that court martial, that really matter here. Furthermore, the Court cannot help but observe that if it were to accept E.V.'s argument, then every challenge

---

[2] Because § 1391(e)(1)(B) is identical to 28 U.S.C. § 1391(b)(2), cases construing that general venue provision are "helpful in construing this provision." 14D Charles Alan Wright et al., Federal Practice and Procedure § 3815 (4th ed. 2013).

to any court martial anywhere in the world that had been appealed within the military court system could be brought in this district. Such a result seems untenable.

E.V. also attempts an acrobatic argument based on a line of cases finding that the Secretary of the Navy can be sued in the District of Columbia because, although the Navy's main office is located in Virginia, the Secretary performs a significant amount of his official duties in the District of Columbia. See Vince v. Mabus, 956 F. Supp. 2d 83 (D.D.C. 2013); Smith v. Dalton, 927 F. Supp. 1 (D.D.C. 1996). E.V. argues that because the Marine Corps Headquarters is also located in Virginia, "just across the river," the same logic should apply here. Pl.'s Reply at 9. But E.V. misses the point. What mattered in those cases was not the geographic proximity of the Navy's main office, but the fact that despite being stationed at the Pentagon, the Secretary nonetheless performed a significant amount of his official work in D.C. and was therefore a resident of D.C. under § 1391(e)(1).[3] There is no similar showing here that either Judge Robinson or Sergeant Martinez perform official duties in D.C. Rather, it is quite plain that "Judge Robinson and Defendant Martinez both reside in Okinawa, Japan." Pl.'s Reply at 9. And they are the only two defendants that E.V. has sued.

Finally, E.V. makes a last-ditch argument that venue is proper here because "no court in the country is more familiar with actions like this against the federal government." Id. at 9. But venue is not a question of judicial expertise. (And even if it were, this Court has exactly zero experience with Military Rule of Evidence 513.) Rather, the question of proper venue "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." Atl. Marine, 134 S. Ct. at 577. Here the requirements of § 1391(e) are not met.

---

[3] In determining a defendant's residency under § 1391(e), "[w]hat controls is the official residence of the federal defendant where the official duties are performed." Lamont v. Haig, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978).

Having concluded that venue is improper in the District of Columbia, the Court must either dismiss the action or transfer it to any district in which it could have been brought. Transfer is appropriate "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits." Sinclair v. Kleindienst, 711 F.2d 291, 293–94 (D.C. Cir. 1983) (internal quotation marks and alteration omitted). Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962).

Section 1391(e)(1)(C) expressly provides for venue in the district in which the plaintiff resides. That district here is the Eastern District of California because E.V. is a resident of Sacramento. E.V. Decl. [ECF No. 5-13] ¶ 2. Transferring the case to that district is plainly in the interest of justice.

## **CONCLUSION**

Transfer of this case should not be mistaken for agreement with Judge Robinson's rulings under Military Rule of Evidence 513. Serious challenges to the propriety of those rulings have been presented. But the Court's admitted concern about the outcome before Judge Robinson is ultimately of no moment because this Court is not the proper venue for E.V.'s challenge. Moreover, there is a looming question whether any federal court will be an appropriate place to hear this case in light of Schlesinger v. Councilman, 420 U.S. 738 (1975). But that question of equitable jurisdiction will not be resolved by this Court either. Instead, for the reasons stated above, the Court will transfer this action to the United States District Court for the Eastern District of California.[4] The parties will presumably argue there whether E.V. can receive the relief she seeks in federal court.

---

[4] The Court expects, that as agreed to by defendants, the status quo will be maintained until the transferee court has an opportunity to address this matter.

/s/
JOHN D. BATES
United States District Judge

Dated:  August 2, 2016