UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V.,<br><br>        Plaintiff,<br><br>  v.<br><br>EUGENE H. ROBINSON, JR.,<br>Lieutenant Colonel, U.S.<br>Marine Corps. (In His<br>Capacity As Military Judge);<br>and DAVID A. MARTINEZ,<br>Sergeant, U.S. Marine Corps.<br>(As Indispensable Party),<br><br>        Defendants. | No.  2:16-cv-01973-JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS AND DENYING**<br>**PLAINTIFF'S MOTION FOR**<br>**INJUNCTIVE RELIEF** |

    This case arises from a criminal matter in military court in Japan.  Plaintiff E.V., a civilian, asks this Court to issue a mandamus writ that would reverse a discovery order involving Plaintiff's mental health records in that court-martial proceeding.  ECF No. 5.  Defendants Lieutenant ("Lt.") Colonel Eugene H. Robinson and Sergeant ("Sgt.") David A. Martinez move to dismiss this case for lack of subject matter jurisdiction.[1]  ECF No. 11.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 4, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The court-martial proceeding in Japan commenced after Plaintiff E.V. alleged that Defendant Sgt. Martinez sexually assaulted her. Compl., ECF No. 4, at 2-5. Defendant Lt. Robinson is presiding over the pending court-martial. Id. ¶ 6. During discovery, Defendant Sgt. Martinez requested Plaintiff E.V.'s mental health records, but E.V. invoked patient-psychotherapist privilege under Military Rule of Evidence 513 ("MRE 513"). Id. ¶¶ 1-2, 16. Defendant Lt. Robinson granted Defendant Sgt. Martinez's request. Id. ¶¶ 14-16.

Plaintiff E.V. has challenged Defendant Lt. Robinson's discovery order throughout the military court system, arguing that the judiciary should prevent him from disclosing her privileged psychotherapist records since he misapplied MRE 513. Id. ¶¶ 9-13, 17-21. Initially, she appealed to the Navy-Marine Corps Court of Criminal Appeals ("NMCCA"), asking that the court issue a mandamus writ. Id. ¶ 17. The NMCCA denied her request. Id. ¶ 18. Then E.V. appealed to the United States Court of Appeals for the Armed Forces ("CAAF"). Id. ¶ 19. It ruled that it lacked jurisdiction to issue mandamus relief. Id. ¶ 20. E.V. now seeks relief from an Article III court. Id. ¶ 4. She filed first in the United States District Court for the District of Columbia, but that court transferred venue to this Court. ECF No. 14. Defendants move to dismiss this case on, inter alia, sovereign immunity grounds. ECF No. 31.

II.   OPINION

A.   Sovereign Immunity

"It is axiomatic that the United States may not be sued

2

without its consent and that the existence of such consent is a prerequisite for jurisdiction." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (internal citation and quotation marks omitted). Waiver "must be unequivocally expressed"; it cannot be implied. See id. (internal citation omitted). Neither 28 U.S.C. § 1331 nor 28 U.S.C. § 1361 waives sovereign immunity. See Pit River Home and Agric. Coop. Ass'n v. United States, 30 F.3d 1088, 1097-98 n.5 (9th Cir. 1994) ("Sections 1331 and 1361 do not waive the sovereign immunity of the United States."); Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983) (§ 1331 not a waiver); Smith v. Grimm, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976) (§ 1361 not a waiver). If the United States has not consented, then the court must dismiss the suit. See Gilbert, 756 F.2d at 1458 (internal citation omitted).

    B.   Analysis

    This Court must dismiss this case because the United States has not waived its sovereign immunity. Plaintiff E.V. sued Defendant Lt. Robinson in his official capacity, which constitutes a suit against the United States. See Gilbert, 756 F.2d at 1458 ("a suit against [federal] employees in their official capacity is essentially a suit against the United States"). See also Compl. at 1. Plaintiff E.V. invoked this Court's §§ 1331 and 1361 jurisdiction, but neither statute waives sovereign immunity. See Pit River Home and Agric. Coop. Ass'n, 30 F.3d at 1097-98 n.5. See also Compl. ¶ 7. And, contrary to Plaintiff E.V.'s argument that § 1361 petitions raise no sovereign immunity issues, the Ninth Circuit emphasizes that sovereign immunity is "an additional impediment" to

"allegation[s] of mandamus jurisdiction." Smith, 534 F.2d at 1352 n.9. See also Surreply, ECF No. 35, at 2. Plaintiff E.V.'s Hail-Mary attempt to invoke § 806b as a statutory waiver also fails: that law grants mandamus jurisdiction only to "the Court of Criminal Appeals." See 10 U.S.C.A. § 806b(e)(1) (West 2015) ("If the victim of an offense under this chapter believes that a ... court-martial ruling violates the rights of the victim afforded by [MRE 513], the victim may petition the Court of Criminal Appeals for a writ of mandamus to require the...court-martial to comply with the...rule."). Plaintiff also cites no case law supporting her proposition that § 806b waives sovereign immunity.

Despite Plaintiff E.V.'s efforts to seek judicial review, the United States has not waived its sovereign immunity to collaterally review a discovery order in a pending court-martial. And since sovereign immunity bars this suit, this Court need not address the remaining equitable jurisdiction and mandamus relief questions.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss and DENIES with prejudice Plaintiff's motion for injunctive relief.

IT IS SO ORDERED.

Dated: October 5, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4